UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

SANDRA M. GONZALEZ
and other similarly situated individuals,

       Plaintiff(s),

v.

DEERFIELD COIN LAUNDRY LLC,
and SHALO SARGSYAN, individually

       Defendants,

_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff SANDRA M. GONZALEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants DEERFIELD COIN LAUNDRY LLC, and SHALO SARGSYAN, individually and alleges:

## JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff SANDRA M. GONZALEZ is a resident of Broward County within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant DEERFIELD COIN LAUNDRY LLC (hereinafter DEERFIELD COIN LAUNDRY, or Defendant) is a Florida corporation, having a place of business in Broward County, Florida.  At all times, Defendant was engaged in interstate commerce.

4. The individual Defendant SHALO SARGSYAN is the owner/partner and manager of Defendant Corporation DEERFIELD COIN LAUNDRY. This individual Defendant is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

5. All the actions raised in this Complaint took place in Broward County, Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

6. This cause of action is brought by Plaintiff SANDRA M. GONZALEZ to recover from Defendants unpaid regular wages and overtime compensation, retaliatory damages liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant DEERFIELD COIN LAUNDRY is a coin laundry establishment that provides laundry services. Defendants have facilities located at 191 W Hillsboro Blvd. Deerfield Beach, FL 33441, where Plaintiff worked.

8. Defendants DEERFIELD COIN LAUNDRY and SHALO SARGSYAN employed Plaintiff SANDRA M. GONZALEZ as a non-exempted full-time laundry attendant, from approximately August 20, 2021, to approximately September 6, 2021, or 2 weeks.

9. Plaintiff's wage rate was fixed at $12.00 an hour. Plaintiff overtime rate should be $18.00 an hour.

10. Plaintiff had duties as a laundry employee, including laundry sorting, washing, drying, ironing, repairing work, folding, packing, etc.

11. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid for regular and overtime hours.

12. Plaintiff had an irregular schedule, and she worked as follows:

13. a) <u>First week, from August 20, 2021, to approximately August 27, 2021</u>, Plaintiff worked 6 days with a total of 43 hours.  In this week, Plaintiff was not paid her regular and overtime wages. Plaintiff was unable to take bonafide lunch breaks.

14. b) <u>Second week, from August 30, 2021, to September 06, 2021,</u> Plaintiff worked 6 days with a total of 47.5 hours. In this week, Plaintiff was not paid her regular and overtime wages. Plaintiff was unable to take bonafide lunch breaks.

15. After her first of work, Plaintiff expected to receive her payment check. Defendants did not pay Plaintiff her wages.  Plaintiff requested owner SHALO SARGSYAN to be paid, but she was ignored.

16. Plaintiff worked the following week, at the end of her second week, Plaintiff expected to be paid her 2 weeks of work, but again, Defendants did not pay Plaintiff.

17. On or about September 04, 2021, instead of her check, Plaintiff received an e-mail from the owner of the business SHALO SARGSYAN accusing her of misconduct at the workplace. Plaintiff denied any wrongdoing.

18. On or about September 6, 2021, SHALO SARGSYAN continued calling Plaintiff and proffering threats against her.

19. On or about September 06, 2021, SHALO SARGSYAN fired Plaintiff and intended to force Plaintiff to accept $400.00 as the total payment for her 2 weeks of work.

20. Plaintiff did not accept this unfair treatment.

21. The next day Defendant SHALO SARGSYAN texted Plaintiff again, harassing and proffering more threats against her.

22. During her employment with Defendants, Plaintiff worked more than 40 hours weekly, but she was not paid her regular and overtime wages.

23. Plaintiff did not clock in and out, but Defendants were able to track the hours worked. Plaintiff was under constant surveillance, and Defendants were in complete control of Plaintiff's working hours.

24. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.  Defendants also failed to pay overtime wages at the rate of time and a half her regular rate, for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

25. Plaintiff worked for Defendants more than 40 hours weekly, but they did not pay her. Plaintiff complained about the lack of payment for her hard-earned wages. As a result, she was fired using pretextual reasons.

26. Moreover, during her employment with Defendants, Plaintiff suffered discriminatory treatment, and she is in the process of filing her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

27. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of unpaid wages based on her recollections. Plaintiff will amend her Complaint accordingly after Defendants produce time and payment records.

28. Plaintiff SANDRA M. GONZALEZ intends to recover 2 weeks of regular wages, plus 10.5 overtime hours, retaliatory damages, liquidated damages, and any other relief as allowable by law.

29. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>COUNT I:</u>
<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>
<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>

30. Plaintiff SANDRA M. GONZALEZ re-adopts every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

31. This cause of action is brought by Plaintiff SANDRA M. GONZALEZ   as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after August 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

32. Defendant DEERFIELD COIN LAUNDRY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides laundry services. Defendant had more than two employees recurrently engaged

in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

33. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

34. Defendants DEERFIELD COIN LAUNDRY and SHALO SARGSYAN employed Plaintiff SANDRA M. GONZALEZ as a non-exempted full-time laundry attendant, from approximately August 20, 2021, to approximately September 6, 2021, or 2 weeks.

35. Plaintiff's wage rate was fixed at $12.00 an hour. Plaintiff overtime rate should be $18.00 an hour.

36. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid overtime hours.

37. Plaintiff had an irregular schedule, and she worked as follows:

38. a) First week, from August 20, 2021, to approximately August 27, 2021, Plaintiff worked 6 days with a total of 43 hours.  Plaintiff was unable to take bonafide lunch breaks.

39. b) Second week, from August 30, 2021, to September 06, 2021, Plaintiff worked 6 days with a total of 47.5 hours. Plaintiff was unable to take bona-fide lunch breaks.

40. Plaintiff worked more than 40 hours every week, but she was not paid for overtime hours.

41. Plaintiff did not clock in and out, but Defendants were able to track the hours worked. Plaintiff was under constant surveillance, and Defendants were in complete control of Plaintiff's working hours.

42. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

43. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees.

44. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

46. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

47. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

* Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modifications as discovery could dictate. Plaintiff will adjust her calculations as needed.

    a. Total amount of alleged unpaid O/T wages:

       One Hundred Eighty-Nine Dollars and 0/100 ($189.00)

    b.  <u>Calculation of such wages</u>:
Total weeks of employment:  2 weeks
Total relevant weeks of employment: 2 weeks
Total unpaid overtime hours:  10.5 O/T hours
Regular rate: $12.00 x 1.5=$18.00 an hour

O/T rate $18.00 x 10.5 hours= $189.00

    c.  <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid half-time overtime wages.

48. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

49. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

50. At times mentioned, individual Defendant SHALO SARGSYAN was the owner/partner and manager of DEERFIELD COIN LAUNDRY. The individual Defendant SHALO SARGSYAN was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of DEERFIELD COIN LAUNDRY, concerning its employees, including Plaintiff and others similarly situated.

Accordingly, defendant SHALO SARGSYAN had financial and operational control of the business, he determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

51. Defendants DEERFIELD COIN LAUNDRY and SHALO SARGSYAN willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

52. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff SANDRA M. GONZALEZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff SANDRA M. GONZALEZ and other similarly situated individuals and against the Defendants DEERFIELD COIN LAUNDRY and SHALO SARGSYAN, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff SANDRA M. GONZALEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

JURY DEMAND

Plaintiff SANDRA M. GONZALEZ demands trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

53. Plaintiff SANDRA M. GONZALEZ re-adopts every factual allegation stated in paragraphs 1-29 of this Complaint as if set out in full herein.

54. This action is brought by Plaintiff SANDRA M. GONZALEZ and those similarly situated to recover from the Employer DEERFIELD COIN LAUNDRY unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

55. Defendant DEERFIELD COIN LAUNDRY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides laundry services. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

56. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly

participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff's regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

57. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

58. Defendants DEERFIELD COIN LAUNDRY and SHALO SARGSYAN employed Plaintiff SANDRA M. GONZALEZ as a non-exempted full-time laundry attendant, from approximately August 20, 2021, to approximately September 6, 2021, or 2 weeks.

59. Plaintiff's wage rate was fixed at $12.00 an hour.

60. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid for regular and overtime hours.

61. Plaintiff had an irregular schedule, and she worked as follows:

62. a) First week, from August 20, 2021, to approximately August 27, 2021, Plaintiff worked 6 days with a total of 43 hours. In this week, Plaintiff was not paid her regular wages. Plaintiff was unable to take bonafide lunch breaks.

63. b) <u>Second week, from August 30, 2021, to September 06, 2021,</u> Plaintiff worked 6 days with a total of 47.5 hours. In this week, Plaintiff was not paid her regular wages. Plaintiff was unable to take bonafide lunch breaks.

64. During her employment with Defendants, Plaintiff worked more than 40 hours weekly, but she was not paid regular wages.

65. Plaintiff did not clock in and out, but Defendants were able to track the hours worked. Plaintiff was under constant surveillance, and Defendants were in complete control of Plaintiff's working hours.

66. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

67. The records, if any, concerning the number of hours worked by Plaintiff SANDRA M. GONZALEZ and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

68. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

69. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

70. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

71. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Florida minimum wage is $8.65, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a.  <u>Total amount of alleged unpaid wages</u>:

   Six Hundred Ninety-Two Dollars and 00/100 ($692.00)

   b.  <u>Calculation of such wages</u>:

   Total relevant weeks of employment: 2 weeks
   Total unpaid weeks:   2 weeks
   Total hours worked: 40 hours weekly
   Federal minimum wage:  $7.25
   Florida minimum wage 2021:  $8.65

   2021 Fl. min. wage $8.65 x 40 hrs.= $346.00.00 weekly x 2 weeks=$692.00

   c.  <u>Nature of wages</u>:

   This amount represents unpaid minimum wages at Florida minimum wage rate.

72. Defendant DEERFIELD COIN LAUNDRY and SHALO SARGSYAN unlawfully failed to pay Plaintiff minimum wages

73. Defendant DEERFIELD COIN LAUNDRY knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

74. At times mentioned, individual Defendant SHALO SARGSYAN was the owner/partner and manager of DEERFIELD COIN LAUNDRY. The individual Defendant SHALO SARGSYAN was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of DEERFIELD COIN

LAUNDRY, concerning its employees, including Plaintiff and others similarly situated. Defendant SHALO SARGSYAN had financial and operational control of the business, he determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

75. Defendants DEERFIELD COIN LAUNDRY and SHALO SARGSYAN willfully and intentionally refused to pay Plaintiff minimum wages at the rate of time and one half her regular rate, as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

76. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff SANDRA M. GONZALEZ and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff SANDRA M. GONZALEZ and against the Defendants DEERFIELD COIN LAUNDRY and SHALO SARGSYAN based of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available

pursuant to Federal Law.

### JURY DEMAND

Plaintiff SANDRA M. GONZALEZ and those similarly situated demand trial by jury of all issues triable as right by jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**

77. Plaintiff SANDRA M. GONZALEZ re-adopts every factual allegation stated in paragraphs 1-29 of this Complaint as if set out in full herein.

78. Defendant DEERFIELD COIN LAUNDRY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides laundry services. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce, to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

79. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff's regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

80. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

81. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

82. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

83. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

84. Defendants DEERFIELD COIN LAUNDRY and SHALO SARGSYAN employed Plaintiff SANDRA M. GONZALEZ as a non-exempted full-time laundry attendant, from approximately August 20, 2021, to approximately September 6, 2021, or 2 weeks.

85. Plaintiff's wage rate was fixed at $12.00 an hour. Plaintiff overtime rate should be $18.00 an hour.

86. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid for regular and overtime hours.

87. Plaintiff had an irregular schedule, and she worked as follows:

88. a) First week, from August 20, 2021, to approximately August 27, 2021, Plaintiff worked 6 days with a total of 43 hours.  In this week, Plaintiff was not paid her regular and overtime wages. Plaintiff was unable to take bonafide lunch breaks.

89. b) <u>Second week, from August 30, 2021, to September 06, 2021,</u> Plaintiff worked 6 days with a total of 47.5 hours. In this week, Plaintiff was not paid her regular and overtime wages. Plaintiff was unable to take bonafide lunch breaks.

90. During her employment with Defendants, Plaintiff worked more than 40 hours weekly, but she was not paid her regular and overtime wages.

91. Plaintiff did not clock in and out, but Defendants were able to track the hours worked. Plaintiff was under constant surveillance, and Defendants were in complete control of Plaintiff's working hours.

92. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq. Defendants also failed to pay overtime wages at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

93. After her first of work, Plaintiff expected to receive her payment check. Defendants did not pay Plaintiff her wages. Plaintiff requested owner SHALO SARGSYAN to be paid, but she was ignored.

94. Plaintiff worked the following week, at the end of her second week, Plaintiff expected to be paid her 2 weeks of work, but again, Defendants did not pay Plaintiff.

95. On or about September 4, 2021, Plaintiff complained to the owner of the business SHALO SARGSYAN about the lack of payment of her hard-earned wages.

96. These complaints constituted protected activity under the Fair Labor Standards Act.

97. As a direct result of Plaintiff's complaints, on or about September 04, 2021, instead of her check, Plaintiff received an e-mail from the owner of the business SHALO SARGSYAN accusing her of misconduct at the workplace. Plaintiff denied any wrongdoing.

98. On or about September 6, 2021, SHALO SARGSYAN called Plaintiff many times to intimidate her.  Then SHALO SARGSYAN e-mailed Plaintiff harassing and proffering threats against her.

99. On or about September 06, 2021, SHALO SARGSYAN fired Plaintiff using pretextual reasons.  Defendant SHALO SARGSYAN intimidated Plaintiff and intended to force her to accept $400.00 as the total payment for her 2 weeks of work.

100.      Plaintiff did not accept this unfair treatment.

101.      After her termination, on or about September 07, 2021, Defendant SHALO SARGSYAN texted Plaintiff again, harassing and proffering more threats against her.

102.      At all times during her employment with Defendants Plaintiff performed her duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

103.      At all times during her employment with Defendant DEERFIELD COIN LAUNDRY, Plaintiff performed her duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

104.      There is close proximity between Plaintiff's last protected activity and her termination.

105.      Defendant DEERFIELD COIN LAUNDRY willfully and intentionally refused to pay Plaintiff regular and overtime wages as required by the laws of the United States as set forth above, and then retaliated against Plaintiff by firing her.

106.     At times mentioned, individual Defendant SHALO SARGSYAN was the owner/partner and manager of DEERFIELD COIN LAUNDRY. The individual Defendant SHALO SARGSYAN was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of DEERFIELD COIN LAUNDRY, concerning its employees, including Plaintiff and others similarly situated. Defendant SHALO SARGSYAN had financial and operational control of the business, he determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

107.     The motivating factor which caused Plaintiff's discharge as described above was the Complaint seeking regular and overtime wages from the Defendants.  In other words, Plaintiff would not have been discharged but for her complaints for regular and overtime wages.

108.     The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

109.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff SANDRA M. GONZALEZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants DEERFIELD COIN LAUNDRY, SHALO SARGSYAN, that Plaintiff SANDRA M. GONZALEZ recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff SANDRA M. GONZALEZ further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff SANDRA M. GONZALEZ demands trial by jury of all issues triable as of right by jury.

Dated:  October 19, 2021.

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*